**PRIORITY SEND**
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   EDCV 11-01022 VAP (SPx)                              Date:  August 5, 2011

Title:   FANNIE MAE A/K/A FEDERAL NATIONAL MORTGAGE ASSOCIATION ORGANIZED AND EXISTING UNDER THE LAWS OF THE UNITED STATES OF AMERICA, ITS SUCCESSORS AND/OR ASSIGNS *v.* PATRICIA G TUGGY, AND DOES I THROUGH X, INCLUSIVE
================================================================
PRESENT:       HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

|   Marva Dillard       |   None Present        |
|   Courtroom Deputy    |   Court Reporter      |

ATTORNEYS PRESENT FOR            ATTORNEYS PRESENT FOR
PLAINTIFFS:                      DEFENDANTS:

    None                              None

PROCEEDINGS:   MINUTE ORDER (1) REMANDING ACTION TO CALIFORNIA SUPERIOR COURT FOR THE COUNTY OF SAN BERNARDINO, and (2) DENYING PLAINTIFF'S MOTION TO REMAND AS MOOT (IN CHAMBERS)

   On April 7, 2011, Plaintiff Fannie Mae ("Plaintiff") filed a complaint for unlawful detainer ("Complaint") against Defendant Patricia A. Tuggy ("Defendant") in the Superior Court for the County of San Bernardino.  (Doc. No. 1 (Not. of Removal.) at 44.)  On July 1, 2011, Defendant, appearing pro se, removed the action to this Court on the basis of diversity and federal question jurisdiction.  (See Not. of Removal at 2-3.)  On July 22, 2011, Plaintiff filed a motion to remand ("Motion").  (Doc. No. 8.

MINUTES FORM 11                              Initials of Deputy Clerk ___md____
CIVIL -- GEN                    Page 1

EDCV 11-01022 VAP (SPx)
FANNIE MAE A/K/A FEDERAL NATIONAL MORTGAGE ASSOCIATION v. PATRICIA G. TUGGY
MINUTE ORDER of August 3, 2011

(Mot. to Remand).)  Finding it lacks subject-matter jurisdiction, the Court remands this action sua sponte and denies Plaintiff's Motion as moot.

Removal jurisdiction is governed by statute.  See 28 U.S.C. §§ 1441, et seq. The Ninth Circuit applies a strong presumption against removal jurisdiction, Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988), and "the defendant always has the burden of establishing that removal is proper," Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)).  See also In re Ford Motor Co./Citibank (South Dakota), N.A., 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); see FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction").

Defendant claims removal is proper on the basis of diversity jurisdiction under 28 U.S.C. § 1332.  (See Not. of Removal at 2.)  Upon review of the Complaint and the Notice of Removal, however, the Court finds no basis for diversity jurisdiction in this case.  Defendant asserts that the action is based upon a foreclosure with an amount in controversy in excess of $75,000.00.  (See Not. of Removal at 2.)  The complaint, however, does not support this assertion, because it explicitly limits the damages to less than $10,000.00.  (Not. of Removal at 44.)  Defendant accordingly cannot meet the statutory amount-in-controversy requirement for diversity jurisdiction and has not shown that the Court has jurisdiction based on a diversity of citizenship under 28 U.S.C. § 1332.

Under 28 U.S.C. § 1331, the Court also has original jurisdiction over civil actions "arising under" federal law.  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  The only exception to this rule is where plaintiff's federal claim has

**EDCV 11-01022 VAP (SPx)**
**FANNIE MAE A/K/A FEDERAL NATIONAL MORTGAGE ASSOCIATION v. PATRICIA G. TUGGY**
**MINUTE ORDER of August 3, 2011**

been disguised by "artful pleading," such as where the only claim is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1372 (9th Cir. 1987). Defendant does not assert that the claim for unlawful detainer has been preempted, nor does she cite any other federal law as the basis for federal question jurisdiction. Defendant accordingly cannot meet the statutory amount-in-controversy requirement for diversity jurisdiction and has not shown that the Court has jurisdiction based on a federal question under 28 U.S.C. § 1331.

For these reasons, the Court lacks subject-matter jurisdiction. As Defendant has not met her burden of establishing that the case is properly in federal court, the Court REMANDS the action to the Superior Court for the County of San Bernardino and DENIES Plaintiff's Motion as moot.

**IT IS SO ORDERED.**